ALLEN R. BURTON et als.

*vs.*

FREDERICK E. MAYO et als. and Trustees.

Somerset.    Opinion December 2, 1909.

*Logs and Lumber.   Scaling.   Evidence.*

Where parties agree upon a surveyor to scale logs, they are bound by his scale, in the absence of fraud or mathematical mistake.

In an action for the price of logs sold under an agreement that the scale of the surveyor should be final, defendants could not show a contract with third persons requiring defendants to furnish boards of lengths the same as those specified for the logs, and providing that if a board fell even slightly short it must be scaled as of the next lesser specified length, nor that that fact was communicated to plaintiffs, with the fact that the logs were to be used under the contract; nor could defendants show, by surveys of the logs by other surveyors that the particular survey was not such as was contemplated by the agreement under which the surveyor was appointed, though the contract of sale required a strict scaling, such provision meaning that the logs should be scaled as strictly according to the contract as was practicable by using the ordinary method of scaling logs when run out of a boom.

*Chase* v. *Bradley*, 17 Maine, 89, distinguished,

On exceptions by defendants.     Overruled.

Assumpsit on account annexed to recover the price of certain logs sold by the plaintiffs to the defendants under a written contract. Plea, the general issue.    At the conclusion of the evidence, the presiding Justice ordered a verdict for the plaintiffs for the amount claimed in the writ.    To this ruling and certain other rulings made during the trial the defendants excepted.

The case is stated in the opinion.

*J. Howard Haley, and Augustine Simmons,* for plaintiffs.·

*Merrill & Merrill,* for defendants.

SITTING :   WHITEHOUSE, SAVAGE, SPEAR, KING, BIRD, JJ.

WHITEHOUSE, J.   This is an action of assumpsit to recover the price of certain logs sold by the plaintiffs to the defendants under a written contract.   This contract provided that the lumber should be "surveyed on the yards in the woods by some surveyor satisfactory to both parties interested, and in case of dissatisfaction with the first scaler the same parties may have the right to put on other scalers."   It appears that no scale or survey was made under that contract but that later under date of May 26, 1908, a second agreement was made by the parties as follows :

"We the undersigned do hereby agree to abide by the scale and count of ·A. B. Heald as final, we furthermore agree that the expense of said scale shall be shared equally between Walker & Mayo and the Burton & Thompson Lumber Co.

The said A. B. Heald shall scale said logs strictly according to a contract between the Burton & Thompson Lumber Co. and Walker & Mayo.

Said A. B. Heald shall not be dictated or instructed by either party to this contract."

The logs were thereupon surveyed by Mr. Heald, the scaler named in this agreement, and according to his scale bills introduced in evidence, the plaintiffs were entitled to recover the sum of $2050.06. Mr. Heald was a scaler of thirty-five years experience in all "manner of scaling" and neither his integrity nor his competency was brought

in question. The defendants disclaimed any purpose to attempt to impeach his scale of the logs on the ground of fraud or mathematical error, but they offered to prove a contract between themselves and third parties under which the defendants were to furnish boards of certain specified lengths, being the same as those specified for the logs in their contract with the plaintiffs and that this contract with third parties expressly provided that if a board fell short of a specified length by no more than one-fourth of an inch that board must be scaled as of the next lesser specified length. The defendants then offered to prove that this fact was communicated to the plaintiffs together with the fact that the lumber in question purchased from the plaintiffs, was to fill this contract with third parties and that this fact was also communicated to the plaintiffs before the original contract was reduced to writing.

The defendants further offered to show that after the plaintiffs commenced to cut the lumber here in question the above facts were again communicated to the plaintiffs by the defendants, for the purpose of showing the meaning and construction of the two contracts between the plaintiffs and defendants. This evidence was excluded.

· The defendant also offered evidence of other surveys of the logs in question made by other scalers than Mr. Heald for the purpose of showing that the survey made by Mr. Heald was not such as was contemplated in the agreement under which he was appointed and not strictly according to the contract referred to in that agreement and that therefore his survey was not final and conclusive upon the parties. This evidence was also excluded. The presiding Justice thereupon ordered a verdict for the plaintiffs for the sum of $2050.06. The case comes to the Law Court on exceptions to this order of the presiding Justice and also to the rulings excluding the evidence above specified.

The contract between the parties contains a provision that the logs shall "be cut 16 feet long whenever they can be cut said length to advantage and some may be cut 18-12 and 14 feet long;" and the defendants claim that this provision of their contract with the plaintiffs should be construed with reference to their contract with third parties offered in evidence and excluded in which it was

expressly provided that if a board fell short of a specified length by no more than a fourth of an inch that board must be scaled as of the next lesser specified length, so that if a log fell short of a specified length by a fourth of an inch in the scale made by Mr. Heald it should be classified as of the next lesser length.   They claim that the provision in the contract under which Mr. Heald was appointed that he should scale the logs strictly according to the contract between the parties was designed to secure the same accuracy of measurement.

But the defendant's contract with third parties was not made a part of their contract with the plaintiffs and it does not appear that they ever assented to a rule so rigorous and exacting as to require the length of logs to be measured to a quarter of an inch.   They say that in scaling logs by the ordinary method as they are run out of the boom such a requirement would be absolutely unreasonable and impracticable.

Recognizing the well established and familiar rule of law in this State that when parties have agreed upon a surveyor to scale logs they will in the absence of fraud or mathematical mistake be bound by his scale, these parties expressly agreed "to abide by the scale and count of A. D. Heald as final."   It is true that this contract contains the further provision that Mr. Heald should scale the logs strictly according to their contract but this must be construed to signify that they should be scaled as strictly according to the contract as was practicable by pursuing the usual and ordinary method of scaling logs when run out of a boom.   Whether the logs should be scaled as 18 feet or fourteen feet or twelve feet in length was to be determined by the scaler and the parties expressly agreed to abide by his scale.   The case of *Chase* v. *Bradley*, 17 Maine, 89, cited by the defendant, is clearly distinguishable from the case at bar. In that case it was agreed that the timber should be scaled according to the usual Kennebec survey by a person to be appointed, etc. This provision clearly had reference to a special method as definite as that of a specified kind of a scaler's rule.   For instance, it is a matter of common knowledge that the method employed at one time in the Kennebec survey was so widely at variance with that

which prevailed in the Penobscot survey that the difference in the results of the two scales was nearly twenty-five per cent. In such a case it would be obviously unjust to permit a scaler to adopt the Penobscot survey instead of the Kennebec in violation of the express stipulation in the agreement of the parties. In the case at bar, however, it is a satisfaction to observe that it clearly appears from a careful examination of the undisputed testimony of Mr. Heald and his assistants that the scale actually made by him was a fair and just one as strictly in accordance with the contract as was practicable. It was undoubtedly sufficiently favorable to the defendant.

It is accordingly the opinion of the court that the rulings of the presiding Justice were correct and that the certificate must be,

*Exceptions overruled.*